1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

2

3  Kenai Drilling Limited, et al.,                          Case No. 2:24-cv-01559-CDS-EJY

4                          Plaintiffs              **Order Overruling Plaintiff's Objection, Adopting Magistrate Judge's Report and Recommendation, and Denying Plaintiff's Motion to Compel**

5  v.

6  Sun Life Assurance Company of Canada,

7                          Defendant                       [ECF Nos. 1-2, 33, 34]

8

9          Plaintiffs Kenai Drilling Limited and Kenai Drilling Limited Employee Benefit Plan

10  ("Kenai") filed a motion to compel arbitration against defendant Sun Life Assurance Company of

11  Canada in the Eighth Judicial District Court, Clark County, Nevada. Pet. to compel arb., ECF

12  No. 1-2. Sun Life subsequently removed the action to this court and filed an opposition to the

13  petition to compel arbitration. Pet. for removal, ECF No. 1; Opp'n, ECF No. 13.[1] On January 21,

14  2025, United States Magistrate Judge Elayna J. Youchah issued a report and recommendation

15  (R&R) that I deny the motion to compel arbitration. R&R, ECF No. 33. Kenai timely filed an

16  objection to the R&R. Obj., ECF No. 34. Despite requesting (ECF No. 35) and being granted

17  (ECF No. 36) more time to respond, Sun Life never filed a response to the objection. For the

18  reasons herein, I overrule Kenai's objection and adopt Judge Youchah's R&R in its entirety.

19  **I.    Legal standard**

20          A party may file specific written objections to the findings and recommendations of a

21  magistrate judge made under Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2.

22  Upon the filing of such objections, the district judge must conduct a de novo review of those

23  portions to which specific objections are made. *Id.* The district judge may accept, reject, or

24  modify, in whole or in part, the findings or recommendations made by the magistrate judge.

25  28 U.S.C. § 636(b)(1); LR IB 3-2(b).

26

---

[1] The motion is fully briefed. *See* Reply, ECF No. 26.

II.     Discussion

When deciding a motion to compel arbitration, a court's role under the Federal Arbitration Act (FAA) is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). In the R&R, Judge Youchah found there was no valid agreement to arbitrate between Kenai and Sun Life. *See generally* ECF No. 33. Judge Youchah rejected Kenai's arguments that Sun Life, an undisputed non-signatory to the arbitration agreement at issue, was still bound by the agreement as a third-party beneficiary, or alternatively through estoppel. ECF No. 33 at 7–14. Kenai objects to Judge Youchah's analysis and recommendation as it relates to the estoppel argument. ECF No. 34 at 3.

Kenai first argues that Judge Youchah incorrectly found that Sun Life does not directly benefit from the Hospital Services Agreement (HSA)—which encompasses the arbitration agreement—and the existence of a direct benefit estops Sun Life from avoiding arbitration. *Id.* Judge Youchah found that the HSA's discounted rates are not a direct benefit to Sun Life because the discounted rates were intended to benefit Connecticut General Life Insurance Company (Cigna)—the party who negotiated the HSA with Kenai's third-party administrator—and any benefit to Sun Life, the stop-loss insurer, was merely indirect and incidental. ECF No. 33 at 12. Kenai's objection merely states that this finding was "clearly erroneous" as it "discount[s] the direct benefit that Sun Life received by virtue of the reduced rates provided by the HSA." ECF No. 34 at 3. This objection is nothing more than a disagreement with Judge Youchah's decision and does nothing more than recite prior arguments thoroughly considered and rejected by the magistrate judge. Therefore, it is not entitled to de novo review. *See Eagleman v. Shinn*, 2019 U.S. Dist. LEXIS 218827, at *12 (D. Ariz. Dec. 19, 2019) (noting that "objections that merely repeat or rehash claims" already addressed by the magistrate judge in the R&R, without are not considered properly objected to); *Lewis v. Ferguson*, 2022 U.S. Dist. LEXIS 42998, at *2–3 (W.D. Wash. Mar. 10, 2022) ("Objections to a R&R are not a vehicle to relitigate

1  the same arguments carefully considered and rejected by the Magistrate Judge"). I have reviewed

2  the objected-to position of the R&R for clear error and have found none. *See id.*, at \*14

3  (reviewing objection to R&R not entitled to de novo review for clear error).

4        Judge Youchah found that because Sun Life was entitled to conduct an audit pursuant to

5  the terms of the Stop-Loss Policy, it did not receive a direct benefit; Kenai argues that this is

6  incorrect. ECF No. 34 at 3. Judge Youchah provides several reasons for her finding that Sun Life's

7  entitlement to an audit did not result in a direct benefit, stating

8  
9  
10  
11  
12  

> The Court finds it doubtful that [the] fact of requesting an audit under a provision of the HSA, without more, would be sufficient to subject a non-signatory, like Sun Life, to an arbitration provision. However, even if [this] assertion is accepted as true, this new argument fails to address the fact that there appears to be no precedent under Nevada law holding that a non-signatory subjects itself to an arbitration provision in a contract when the non-signatory is not itself pursuing a claim under that contract.

13  ECF No. 33 at 14–15. She then goes on to explain that Kenai's analysis of the audit provision of

14  the HSA is irrelevant because Kenai's own policy with Sun Life, unrelated to the HSA, includes

15  an express audit provision. *Id.* at 15 (citing ECF No. 1-2 at 194). Therefore, Sun Life has a right to

16  audit Kenai's records entirely independent from the HSA, and this independent right is "not

17  evidence of Sun Life's access of a right under the HSA." *Id.* In its objection, Kenai argues

18  "regardless of whether Sun Life was permitted to conduct an audit . . . , Sun Life relied upon the

19  reduced rates provided by the HSA" and thus received a direct benefit. ECF No. 34 at 3. This

20  argument again focuses on Sun Life's reduced rates as a direct benefit but does not present any

21  new argument not thoroughly addressed in the R&R, making it another attempt at rehashing

22  the same arguments that Judge Youchah already considered and rejected. Consequently, this

23  argument is not entitled to de novo review. I have reviewed this objection for clear error and

24  have found none. *See Eagleman*, 2019 U.S. Dist. LEXIS 218827, at \*12, 14.

25  

26

1    Kenai next argues that that Judge Youchah was incorrect in citing Supreme Court of

2  Nevada cases *RUAG Ammotech GmbH v. Archon Firearms, Inc.* and *El Jen Medical Hospital., Inc. v. Tyler* for

3  the proposition that a "non-signatory [to a contract] may only be compelled to arbitration if it

4  has asserted a claim based upon the contract containing an arbitration provision." ECF No. 34 at

5  3 (citing ECF No. 33 at 13–14, 538 P.3d 428 (Nev. 2023) and 535 P.3d 660, 665 (Nev. 2023)).

6  Kenai argues that, in actuality, "neither of the cases hold that the non-signatory must assert

7  claims in litigation in order to do so." *Id.*

8    As this argument does not merely rehash arguments previously heard, considered, and

9  rejected by Judge Youchah, I conduct a de novo review of this portion of the R&R. In support of

10  its argument that the Supreme Court of Nevada does not require a non-signatory to assert

11  claims in litigation to be estopped from avoiding arbitration, Kenai provides the following

12  citation: "*See RUAG Ammotec*, 538 P.3d at 435 ('[A] nonsignatory cannot be bound to arbitrate

13  without receiving a direct benefit from, **or** pursuing a claim integrally related to, the agreement

14  containing the arbitration provision.') (citing *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d

15  773, 778-80 (2d Cir. 1995))." ECF No. 34 at 3–4. This citation is misleading, as it attributes the

16  quoted language to *RUAG Ammotec* when the quoted language is actually drawn from *Thomson-*

17  *CSF, S.A.*, a non-binding case out of the Second Circuit from approximately thirty years ago. In

18  *RUAG Ammotec*, the Supreme Court of Nevada does not adopt the language from *Thomson-CSF,*

19  *S.A.*, but instead cites the case as additional support for the following:

20         We recently expounded upon the direct benefits estoppel doctrine in *El Jen* and
          stated that "a nonsignatory is not bound to an arbitration agreement simply
21        because its claim relates to a contract containing the arbitration provision," as the
          doctrine applies only when "the nonsignatory party seeks, through the claim, to
22        derive a direct benefit from the contract containing the arbitration provision." 139
          Nev., Adv. Op. 36, 535 P.3d at 670.
23

24  *RUAG Ammotec*, 538 P.3d at 435. Therefore, although the Supreme Court of Nevada cites to

25  *Thomson-CSF, S.A.* as support, it is clear that the estoppel doctrine applies **only** when "the

26  nonsignatory party seeks, **through the claim**, to derive a direct benefit from the contract

4

1    containing the arbitration provision." *Id.* (citing *El Jen Med. Hosp.*, 535 P.3d at 670) (emphasis

2    added). The words "through the claim" necessitate the existence of litigation. Stated otherwise,

3    in Nevada, to estop a non-signatory to a contract from avoiding arbitration, the non-signatory

4    must have filed a claim against the other non-signatory to derive a direct benefit from the

5    contract containing the arbitration provision. *See RUAG Ammotec*, 538 P.3d at 435; *El Jen Med.*

6    *Hosp.*, 535 P.3d at 670. Here, as Judge Youchah aptly explained, "Sun Life brings no claims and

7    seeks to enforce no rights. It is Kenai that alleges Sun Life has breached the Policy between

8    Kenai and Sun Life. It is Kenai who is attempting to drag Sun Life into an arbitration . . . ." ECF

9    No. 33 at 14. Because there is no evidence that Sun Life is bringing a claim to obtain a direct

10    benefit from the HSA, it is not estopped from attempting to avoid arbitration. Accordingly,

11    Kenai's objection is overruled and Judge Youchah's R&R is adopted in its entirety.

12 **III.    Conclusion**

13      IT IS THEREFORE ORDERED that Kenai's objection **[ECF No. 34] is OVERRULED.**

14      IT IS FURTHER ORDERED that Judge Youchah's R&R **[ECF No. 33] is accepted and**

15 **adopted in its entirety**, therefore Kenai's motion to compel arbitration **[ECF No. 1-2] is**

16 **DENIED.**

17      Dated: August 27, 2025

18                       _____
                          Cristina D. Silva
                          United States District Judge

19

20

21

22

23

24

25

26